## Asay *versus* Lieber.

1. When a contract of sale has been executed by a deed, the vendee, in order to defend against a security for the purchase-money, must show a title bad.

2. In a suit upon a mortgage given for purchase-money, the affidavit of defence alleged that in the deed of conveyance the plaintiff covenanted with defendant for the free use of a certain alley, and that defendant had never had the use of said alley, and claimed to set-off damages for the loss of said use against the amount of the mortgage. *Held,* that as the affidavit did not allege that at the time of the conveyance the plaintiff had not a good title to the alley-way it was insufficient.

January 7th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of July Term 1879, No. 93½.

Scire facias sur mortgage by Annie E. Lieber against A. Merritt Asay.

The defendant filed an affidavit and supplemental affidavit of defence, wherein, inter alia, he set forth :

" The mortgage sued on was given to secure a part of the purchase-money for the property. When buying the property, my purchase included the right of a certain alley, three feet wide, leading eastward into Tenth street. The deed of conveyance to me contains a covenant, by the plaintiff, granting to me ' the free and common use and privilege of the said three feet wide alley, as and for a passage-way and watercourse, at all times for ever.' I have,

[Asay *v.* Lieber.]

however, never had the privilege or use of said alley so covenanted for, but the same has been obstructed by a building ever since the conveyance. The loss of this privilege and use, has been a damage to me of at least $1000, and I ask that this amount shall be deducted from the claim made on said mortgage in this suit. * * *

"When I bought the property in 1851, the plaintiff represented to me, that the alley belonged to the property she was selling me, and could be opened at any time. * * *

"Long after I had obtained my conveyance from the plaintiff, I found that her representations as to the condition of the alley, and her statements of the case, were untrue, at the time made to me. The alley had already and before her conveyance to me, been obstructed by the erection of a permanent building thereon, and I have not since been able to enforce the opening of this alley through the lot adjoining Tenth street, or to secure any compensation for the loss of the privilege."

The court entered judgment for want of a sufficient affidavit of defence, which action was assigned for error by defendant, who took this writ.

*E. K. Nichols*, for plaintiff in error.—The loss of the alley privilege was certainly a part failure of the consideration of the contract of sale, and a violation of the covenant in the deed. As such, the vendee has surely the right to set it off. No more appropriate occasion offers, than in the suit to foreclose the mortgage, given for the identical purchase-money. Equity will relieve from the effects of an act done, or contract made, under a mistake, or ignorance of a material fact. The mortgage sued on, was given to secure a part of the purchase-money of the property. After the deed is made and mortgage given, this defect is discovered; and, when at last the mortgage is to be foreclosed, then properly does the defence of the loss of the alley privilege arise: Roland *v.* Miller, 3 W. & S. 390; Jenks *v.* Fritz, 7 Id. 201.

*Robert S. Paschall* and *Edwin S. Dickson*, for defendant in error.—It appeared by the affidavits of defendant, that his knowledge and the state of facts continued the same they were at the date of his purchase in the year 1851: Wilson *v.* Cochran, 12 Wright 107. And it does not appear that he ever made any effort to obtain the use of the alley, or that he was deprived of it by any legal right. Therefore he has not made out a good defence: Ludwick *v.* Huntzinger, 5 W. & S. 51; Spear *v.* Allison, 8 Harris 200; Thomas *v.* Harris, 7 Wright 231.

The judgment of the Supreme Court was entered January 19th 1880,

Per Curiam.—The affidavit of defence does not allege that at

[Asay *v.* Lieber.]

the time the property—on which the mortgage for purchase-money was given—was conveyed to the defendant—the plaintiff had not a good title to the alley-way. This was in 1851, and for aught that appears, the defendant has lost the privilege of the alley, by his own neglect to prosecute his right to it. When a contract of sale has been executed by a deed, the vendee, in order to defend against a security for the purchase-money, must show a title positively bad. The representations made by the vendor at the time of the sale of her right to the alley-way, are clearly immaterial, unless they were false, and the mere fact of an obstruction then existing did not tend to prove them so.

Judgment affirmed.